**FILED**
**Oct 15, 2021**
**11:01 AM(CT)**
**TENNESSEE COURT OF WORKERS' COMPENSATION CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **KELLY ROLLINS,** | ) | **Docket No. 2021-05-0232** |
| **Employee,** | ) | |
| **v.** | ) | |
| **UNITED PARCEL SERVICE, INC.,** | ) | **State File No. 94527-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **LIBERTY MUTUAL,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

The Court held a Status Hearing in this case on October 13, 2021. The parties agreed that their previously filed stipulations and the compromised disability benefits within their proposed settlement documents leave no factual issues for resolution. The only issue is whether Mr. Rollins is entitled to lifetime medical benefits. Therefore, by the parties' agreement, the Court will decide this matter on the record. For the reasons below, the Court holds that Mr. Rollins is entitled to permanent disability benefits, temporary disability benefits, and lifetime medical benefits.

### Findings of Fact and Conclusions of Law

Mr. Rollins, as the employee in a workers' compensation claim, has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a compensation hearing, he must show by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

*Stipulations*

Mr. Rollins suffered physical injuries in the course and scope of his employment with UPS when he was involved in an automobile accident on September 10, 2019. He suffered multiple injuries, including a fractured hip, fractured right patella, fractured left

1

scapula, lumbar fractures, right-wrist sprain, and post-traumatic stress disorder. UPS accepted the claim and provided medical treatment.

UPS also paid temporary total disability benefits at the weekly rate of $1,056.00 through August 27, 2020. Because Mr. Rollins did not reach maximum medical improvement until September 15, 2020, he is entitled to additional temporary total disability benefits of $2,866.34.

As a result of his injuries, Mr. Rollins was unable to return to work at UPS, which made him an offer under its Voluntary Separation Allowance Plan. He accepted the offer, which resulted in his voluntary retirement in exchange for "specific consideration."

Mr. Rollins's weekly compensation rate for permanent disability benefits is $960.00. His permanent partial disability original award and increased benefits total $115,000.00. He is not entitled to any additional permanent disability benefits.

UPS agreed to reimburse Mr. Rollins $300.00 for his payment of C-32 Medical Report fees.

*Medical Benefits*

The Workers' Compensation Law is clear on this point: "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). As the parties have stipulated to the compensability of Mr. Rollins's injuries, UPS is responsible for his future medical treatment under this provision. Thus, he is entitled to continuing medical treatment with Drs. Stephen Engstrom, Robert Boyce, Donald Lee, Byron Stephens, and Melissa Thorne-Smith.

**IT IS, THEREFORE, ORDERED** as follows:

1. United Parcel Service, Inc., shall provide Mr. Rollins future medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(A). Drs. Stephen Engstrom, Robert Boyce, Donald Lee, Byron Stephens, and Melissa Thorne-Smith remain the treating physicians.

2. United Parcel Service, Inc., shall pay Mr. Rollins permanent partial disability benefits of $115,000.00 in a lump sum.

3. United Parcel Service, Inc., shall pay Mr. Rollins temporary total disability benefits of $2,866.34 in a lump sum.

2

4. United Parcel Service, Inc., shall reimburse Mr. Rollins $300.00 for his C-32 Medical Report fee expenses.

5. The Court further finds Mr. Rollins's counsel, Terry Fann, provided good and valuable services to Mr. Rollins in pursuit of his claim and is therefore entitled to recover a fee of twenty percent of his permanent disability award under Tennessee Code Annotated section 50-6-226, as well as reimbursement of his expenses of $1,213.85.

6. United Parcel Service, Inc., shall pay to the Court Clerk the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five days of entry of this order.

7. United Parcel Service, Inc., shall file an SD-2 with the Court Clerk within five days of entry of this order.

8. Unless appealed, this order shall become final thirty days after entry.

**ENTERED OCTOBER 15, 2021.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Joint Stipulations
4. Proposed settlement documents

**CERTIFICATE OF SERVICE**

I certify that a copy of the Compensation Hearing Order was sent as indicated on October 15, 2021.

| Name | Certified Mail | Via Email | Service Sent To |
|---|---|---|---|
| Terry Fann, Employee's Attorney | | X | terryfann@wfptnlaw.com |
| David T. Hooper, Employer's Attorney | | X | dhooper@hooperzinn.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*